UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ZHU,<br><br>        Plaintiff,<br><br>        v.<br><br>HUGO POWER SUPPLY LLC, et al.,<br><br>        Defendants. | Case No. 15-cv-04545-JST<br><br>**ORDER GRANTING STIPULATION IN PART AND DENYING IT IN PART**<br><br>Re: Dkt. No. 22 |

On October 9, 2015, Defendants William Howe and Hugo Power Supply, LLC filed a motion to dismiss this action for lack of personal jurisdiction and improper venue or, in the alternative, to transfer the action to the District of South Carolina. ECF No. 12. Plaintiff opposed the motion, ECF No. 13, and Defendants filed a reply brief, ECF No. 14. The Court subsequently ordered supplemental briefing, which the parties filed, ECF Nos. 16, 17, and continued the hearing on Defendants' motion from November 19, 2015 to January 7, 2016. ECF No. 15.

On December 21, 2015, the parties filed a stipulation, asking the Court to (1) transfer the action to the United States District Court of South Carolina, Charleston Division; (2) refer the case to arbitration, such arbitration to be completed within 120 days of transfer to South Carolina; (3) order the parties mutually to agree upon an arbitrator, and permit the parties to move the federal court in South Carolina to appoint one if the parties cannot agree; (4) effectuate certain other agreements between the parties. ECF No. 22.

The Court now GRANTS that part of the parties' stipulation that transfers the case to the Charleston Division of the District of South Carolina.[1] That request is supported by the forum

---

[1] It appears that transfer to the Charleston Division satisfies the requirements of the District of South Carolina's local venue rule, which makes proper any division "[w]here any natural

1 selection clause in the parties' contract, as well as by their stipulation.  The Court will DENY the
2 balance of the parties' requests without prejudice.  Some of the parties' remaining requests do not
3 require judicial approval, and the rest are more properly directed at the South Carolina judge who
4 will manage this case going forward.

5 The Clerk is directed to terminate the motion at Docket Number 12.  The hearing
6 scheduled for January 7, 2016 is VACATED.

7 IT IS SO ORDERED.

8 Dated: December 29, 2015



JON S. TIGAR
United States District Judge

---

defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred, or where any corporate/other organization defendant does business relating to the events or omissions alleged." D.S.C. Civ. L.R. 3.01(A)(1).